UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNELL LAVAR SIMPSON,

Plaintiff,

v.   CASE No. 8:17-CV-1151-T-27TGW

TAMPA GENERAL HOSPITAL,

Defendant.

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiff's Affidavit of Indigency (Doc. 2) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for his complaint against the defendant.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the plaintiff's complaint is procedurally inadequate (Doc. 1). Thus, there is not "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" or a statement of the grounds upon which the court's jurisdiction depends. Rule 8, Fed.R.Civ.P. There is simply no cogent allegation of a claim for relief over which this court would have jurisdiction. Thus, it appears the plaintiff's complaint is premised on the allegation that the plaintiff did not have a suture removed while he was at Tampa General Hospital (Doc. 1). Consequently, I cannot discern any plausible claim for relief since no cognizable claim for federal relief has been adequately alleged. And in that circumstance, there is no basis for federal court jurisdiction.

For these reasons, the plaintiff's complaint is deficient and is subject to dismissal. 28 U.S.C. 1915(e)(2)(B)(ii). However, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Fed.R.Civ.P. 15). I therefore recommend that the complaint be dismissed, but allow the

plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MAY 25, 2017

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.